Fredric A. Cohen, Esq.
CHENG COHEN LLC
1101 West Fulton Market, Suite 200
Chicago, IL 60607
Telephone: (312) 243-1701
Facsimile: (312) 277-3961
(*Application to be Admitted Pro Hac Vice to be Filed*)


Charles G. Miller (State Bar No. 39272)
C. Griffith Towle (State Bar No. 146401)
BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152

Attorneys for Plaintiff
HOSTWAY CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOSTWAY CORPORATION, an Illinois Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>IAC SEARCH & MEDIA, INC., a Delaware Corporation,<br><br>    Defendant. | No. C 07 3759<br><br>**COMPLAINT FOR BREACH OF CONTRACT, INJUNCTIVE RELIEF AND DAMAGES**<br><br>**[DEMAND FOR JURY TRIAL]** |

       Plaintiff Hostway Corporation, by its attorneys, and as and for its Complaint for breach of contract, injunctive relief and damages against defendant IAC Search & Media, Inc., states as follows:

**Nature of the Action**

       1.    On July 17, 2007, defendant purported to terminate the parties' March 2, 2007 Syndication Agreement without cause, and only five months into the contract's two-year

-1-

term. It did so because another of defendant's clients – a competitor of Hostway's – told defendant to get rid of Hostway or else the competitor would end its own relationship with defendant. Because defendant's relationship with Hostway's competitor is far more lucrative to defendant than Hostway's relationship is, defendant purported to terminate the Syndication Agreement on utterly pretextual bases and in violation of the agreement's express terms.

2. Hostway has invested thousands of engineering hours and millions of dollars to optimize its systems to work specifically with defendant's systems to fulfill the parties' contract. Since entering into the Syndication Agreement, Hostway has developed numerous commercial relationships and entered into agreements with customers to provide the advertising and search services made available to it under the agreement, and continued to invest in refining and customizing its systems to work with defendant's systems.

3. Unless defendant's wrongful termination of the Syndication Agreement is enjoined, Hostway will lose the entirety of its investment in its advertising and search services business; its customer relationships and the goodwill associated with those relationships will be lost; its reputation as a reliable, high-quality provider of advertising and search services will be destroyed; and it will effectively be excluded from the advertising and search services businesses indefinitely. Each of these harms is immeasurable, unquantifiable and irreparable, and can only be prevented by issuance of appropriate injunctive relief to enforce and protect Hostway's rights.

**Parties**

4. Plaintiff Hostway Corporation ("Hostway") is an Illinois corporation with its principal place of business in Chicago, Illinois.

5. Defendant IAC Search & Media, Inc. is a Delaware corporation with its principal place of business in Oakland, California.

**Jurisdiction and Venue**

6. The Court has original subject matter jurisdiction of this action under 28 U.S.C. § 1332, in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

7.   Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(1) in that defendant resides in this judicial district.

### Relevant Background Facts

8.   Hostway is in the business of providing web-hosting and related services to its customers across the country and abroad.

9.   On March 2, 2007, Hostway entered into an Advertising Services and Search Services Syndication Agreement (the "Syndication Agreement" or "Agreement") with defendant. A true and correct copy of the Syndication Agreement is incorporated herein and attached hereto as Exhibit 1.

10.  Hostway entered into the Syndication Agreement for the purpose of offering its web-hosting customers advertising and search services, including the ability to search for, identify and post, related and appropriate advertising links on customers' websites, drive web traffic to advertised sites, and thereby generate incremental revenue for Hostway's customers.

11.  In anticipation of the Syndication Agreement and since entering into it, Hostway has spent thousands of engineering hours and millions of dollars to optimize its systems to select and channel relevant and appropriate advertised sites for its customers, and to monetize web traffic driven to such sites by Hostway's customers' websites.

12.  Hostway has contracted with numerous customers or syndication partners to provide them with advertising and search services made available to it under the Agreement.

### The Syndication Agreement's Termination Provisions

13.  The Syndication Agreement is for an initial two-year term. While either party may elect to prevent the Agreement's automatic renewal for successive one-year renewal periods by sending advance written notice to that effect, the Agreement may be terminated during the initial two-year term only in the event of a material breach. Specifically, § 8.2 of the Syndication Agreement provides:

> 8.2  **Material Breach.** This Agreement may be terminated if either party fails to cure any material breach of this Agreement within fourteen (14) days after such material breach is conveyed in reasonable detail in writing to the other party.

-3-

14. The Syndication Agreement also provides for immediate termination upon written notice under certain limited circumstances.

15. Hostway has at all times fully performed all of its obligations under the Syndication Agreement.

### Defendant's Wrongful Termination of the Agreement

16. By letter dated July 17, 2007, defendant purported to terminate the Syndication Agreement. A true and correct copy of the July 17 letter is attached hereto as Exhibit 2. The July 17 letter stated that defendant purported to terminate the Agreement "as a result of several breaches of the agreement by Hostway and other reasons as described" in the letter.

17. The first purported "breach" claimed in the July 17 letter was Hostway's supposed breach of the requirements of § 3.7 "to integrate the Ask.com search box as the default search box" for certain of Hostway's customers, and "to engage in certain promotional efforts" on defendant's behalf. However, even assuming that Hostway had not met its obligations under § 3.7 of the Syndication Agreement (which Hostway vigorously disputes), defendant's purported termination of the Syndication Agreement on that basis without affording Hostway at least 14 days to cure such default is wrongful and in violation of the agreement's express terms set forth above.

18. The second purported "breach" claimed by defendant in its July 17 letter was defendant's "belief" that Hostway had disclosed confidential information of defendant and of a customer of defendant (and a competitor of Hostway) in an effort to convince the competitor's customers to switch to Hostway. Nowhere in the July 17 letter is any fact or other basis of defendant's supposed "belief" set forth. Moreover, the Syndication Agreement's confidentiality provisions concern confidential information of defendant and of Hostway, not information relating to any competitor of Hostway or any other third party. Hostway has not disclosed any confidential information of defendant or otherwise violated the confidentiality provisions of the Syndication Agreement. Therefore, defendant's purported termination of the Syndication Agreement on this basis is wrongful and in violation of the Agreement.

19.  The final purported basis for termination stated in the July 17 letter was that an employee of Hostway, who formerly had been employed by the same competitor whose confidential information Hostway supposedly disclosed, allegedly encouraged customers of his former employer to bolt to Hostway. Defendant's July 17 letter states that defendant's continued offering of services to Hostway under the Syndication Agreement would "disparage" defendant because of the alleged conduct of the competitor's former employee.

20.  Each and every one of the three stated bases for termination is factually groundless, contrary to the express terms of the Syndication Agreement, and pre-textual. In fact, defendant has sought wrongfully and in violation of the Syndication Agreement's express terms to terminate the Syndication Agreement and to deprive Hostway of its rights thereunder, solely on information and belief, because Hostway's competitor has demanded that defendant terminate its contractual relationship with Hostway and has threatened to terminate its own relationship with defendant (which is far more lucrative to defendant than its relationship with Hostway) if defendant fails to comply. For this reason alone, and not because of any purported breach by Hostway, defendant sent the July 17 letter purporting to terminate the Syndication Agreement.

## First Claim For Relief
### (Breach of Contract)

21.  Hostway repeats and realleges paragraph 1 through 20 above, as if fully set forth at length herein.

22.  Hostway has performed all conditions, covenants and promises in accordance with the term of the Syndication Agreement.

23.  Defendant's termination of the Syndication Agreement for the purported bases set forth in the July 17 letter is wrongful, in violation of the Syndication Agreement, and constitutes a material breach thereof.

24.  Unless defendant's termination of the Syndication Agreement is enjoined, Hostway will be irreparably harmed. The irreparable harm Hostway will suffer includes the loss of its investment in developing its advertising and search services business and optimizing that

-5-

business to work with defendant's systems, the loss of its customer relationships and the goodwill associated with those relationships, the destruction of its reputation as a reliable, high-quality provider of advertising and search services, and its effective exclusion from the advertising and search services businesses indefinitely.

### Prayer for Relief

**WHEREFORE**, Hostway prays for relief as follows:

1. A preliminary and permanent injunction enjoining defendant, its agents, servants, employees and attorneys, and all those in active concert or participation with defendant or them, from terminating or threatening to terminate the Syndication Agreement or from otherwise failing to honor Hostway's rights thereunder for the full term of the Agreement;

2. For damages in an amount to be proven at trial; and

3. For such other and further relief as the Court deems proper under the circumstances.

DATED: July 23, 2007

BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation

By: _____
C. Griffith Towle
Attorneys for Plaintiff
HOSTWAY CORPORATION

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure and Local Rule 3-6, plaintiff Hostway Corporation hereby demands a jury trial.

DATED: July 23, 2007

BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation

By: _____
C. Griffith Towle
Attorneys for Plaintiff
HOSTWAY CORPORATION

# EXHIBIT 1

**Exhibit 1 Filed Under Seal Pursuant To Court Order**

-1-

Case No.

# EXHIBIT 2

# IAC/Search & Media

July 17, 2007

555 12th Street, Suite 500
Oakland, CA 94607

510.985.7400 T
510.985.7410 F

VIA UPS OVERNIGHT AND EMAIL
Mr. John Lee
Hostway Corporation
One North State Street, 12th Floor
Chicago, IL 60602

    Re: Termination of Advertising Services and Search Services Syndication Agreement

Mr. Lee:

    This letter is to notify you of the immediate termination of the Advertising Services and Search Services Syndication Agreement between Hostway Corporation ("Hostway") and IAC Search & Media, Inc. ("IACSAM") dated March 2, 2007 (the "Agreement"). IACSAM is taking this action as a result of several breaches of the agreement by Hostway and other reasons as described herein.

    Pursuant to Section 3.7, Hostway is required to integrate the Ask.com search box as the default search box for users of the Hostway Site Builder product and requires Hostway to engage in certain promotional efforts on hostway.com on behalf of Ask.com. The contract clearly requires that these actions be taken on or before the Launch Date. Despite several inquiries by IACSAM, Hostway has not complied with its contractual obligations in this regard to date.

    In addition, IACSAM believes that Hostway has disclosed confidential information of IACSAM and one of IACSAM's current customers (and your former employer) Skenzo/Directi in its efforts to convince Skenzo/Directi's customers replace them with Hostway. As you are well aware, the details of our agreement with Hostway and with our other customers are strictly confidential. Pursuant to Section 8.3 of the agreement, a breach of confidentiality is grounds for immediate termination of the agreement.

    Moreover, certain business practices of Hostway disparage the business of IACSAM. IACSAM is informed and believes that an employee of Hostway has encouraged customers of his former employer Directi to breach their agreements with Directi. IACSAM does not wish to be associated with such practices and feels that continuing to offer our services to Hostway would disparage the business of IACSAM. Pursuant to Section 8.3 of the agreement, Hostway's disparagement of the business of IACSAM is grounds for immediate termination of the agreement.

    As you are aware, prior to entering into the Agreement, Hostway represented to IACSAM that Hostway was in the process of making an acquisition that would result in a large volume of new business to IACSAM. You are also aware that this new business or

a significant volume of other new business was a critical factor in IACSAM's decision to offer its services to Hostway. As was clearly indicated to you, the value to IACSAM in a business relationship with Hostway resided in Hostway's ability to bring new sources of traffic to IACSAM and to have Ask.com promoted by Hostway. Neither of these has happened, nor does there appear to be a reasonable prospect of them occurring in the near future. As such, IACSAM's purpose in entering into the agreement has been frustrated by Hostway and the representations made at the time have not turned out to be accurate.

We regret the necessity of terminating the Agreement, but feel that Hostway has given us no other options.

Sincerely,

Daniel E. Caul
SVP and General Counsel


cc: Hostway Legal Department