1  Fredric A. Cohen, Esq.
   CHENG COHEN LLC
2  1101 West Fulton Market, Suite 200
   Chicago, IL 60607
3  Telephone: (312) 243-1701
   Facsimile: (312) 277-3961
4  (*Application to be Admitted Pro Hac Vice to be Filed*)

5

6  Charles G. Miller (State Bar No. 39272)
   C. Griffith Towle (State Bar No. 146401)
7  BARTKO, ZANKEL, TARRANT & MILLER
   A Professional Corporation
8  900 Front Street, Suite 300
   San Francisco, California 94111
9  Telephone: (415) 956-1900
   Facsimile: (415) 956-1152

10 Attorneys for Plaintiff
   HOSTWAY CORPORATION

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

15 HOSTWAY CORPORATION, an Illinois    )    No. C 07-3759 JCS
   Corporation,                         )
16                                      )    **NOTICE OF MOTION AND**
               Plaintiff,               )    **MOTION FOR TEMPORARY**
17                                      )    **RESTRAINING ORDER AND**
        v.                              )    **ORDER TO SHOW CAUSE RE**
18                                      )    **PRELIMINARY INJUNCTION;**
   IAC SEARCH & MEDIA, INC., a Delaware )    **MEMORANDUM OF POINTS AND**
19 Corporation,                         )    **AUTHORITIES**
                                        )
20             Defendant.               )
                                        )
21

22

23

24

25

26

27

28

999.000/330942.1

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

**NOTICE OF MOTION AND MOTION**

TO DEFENDANT IAC SEARCH & MEDIA, INC:

PLEASE TAKE NOTICE that plaintiff Hostway Corporation ("Hostway") hereby applies for a temporary restraining order restraining defendant IAC Search & Media, Inc. ("defendant"), and its agents, servants, employees and attorneys, and all those in active concert or participation with defendant or them, from terminating the March 2, 2007 Advertising Services and Search Services Syndication Agreement (the "Syndication Agreement"), including but not limited to terminating, limiting or interfering with in any manner the Advertising Services and Search Services provided by defendant to Hostway pursuant to the Agreement as identified in Exh. A thereto (*i.e.,* the so-called advertising feed). Hostway further seeks an order to show cause why a preliminary injunction should not be granted enjoining defendant, its agents, servants, employees and attorneys and those in active concert or participation with defendant or them, from committing such acts.

This motion is made on the grounds that Hostway will suffer irreparable injury before the matter can be heard on regular notice because said acts of defendant threatens immediate and irreparable damage to Hostway in that such acts would: (i) destroy Hostway's numerous customer relationships that Hostway has developed related to the Syndication Agreement and the goodwill associated with those relationships; (ii) ruin Hostway's reputation as a reliable, high-quality provider of advertising and search services; (iii) effectively cause Hostway to be excluded from the advertising and search services businesses indefinitely; and (iv) cause Hostway to lose the entirety of its investment in its advertising and search services business.

This motion is based on the Complaint on file herein, and the Declaration of Namit Merchant and Memorandum of Points and Authorities filed concurrently herewith, and on such other matters and evidence as the Court considers.

BARTKO ZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 · Fax (415) 956-1152

-i-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Hostway Corporation ("Hostway") submits the following memorandum in support of its motion to enjoin defendant IAC Search & Media, Inc. ("defendant" or "IAC") from terminating the Advertising Services and Search Services Syndication Agreement dated as of March 2, 2007 (the "Syndication Agreement"), including but not limited to terminating, limiting or interfering with in any manner the Advertising Services and Search Services provided by defendant to Hostway pursuant to the Agreement as identified in Exh. A thereto (*i.e.,* the so-called advertising feed).

## II.    STATEMENT OF FACTS

Hostway is in the business of providing web-hosting and related services to its customers across the country and abroad. (*See* Declaration of Namit Merchant ("Merchant Decl.") at ¶ 3.)

On March 2, 2007, Hostway entered into an Advertising Services and Search Services Syndication Agreement (the "Syndication Agreement" or "Agreement") with defendant. Hostway entered into the Syndication Agreement for the purpose of offering its web-hosting customers advertising and search services, including the ability to search for, identify and post, related and appropriate advertising links on customers' websites, drive web traffic to advertised sites, and thereby generate incremental revenue for Hostway's web-hosting customers. (*See* Merchant Decl. at ¶¶ 8-11.)

In anticipation of the Syndication Agreement and since entering into it, Hostway has spent thousands of engineering hours and millions of dollars to optimize its systems to select and channel relevant and appropriate advertised sites for its customers, and to monetize web traffic driven to such sites by Hostway's customers' websites. (*See* Merchant Decl. at ¶ 13 and Exh. 1 thereto.)

Hostway has contracted with numerous customers or syndication partners, (including Comcast, Qwest and Cablevision) to provide them with advertising and search services

-1-

BARTKO ZANKEL<br>900 Front Street, Suite 300<br>San Francisco, CA 94111<br>Phone (415) 956-1900 • Fax (415) 956-1152

1    made available to Hostway under the Syndication Agreement. (*See* Merchant Decl. at ¶¶7, 8

2    & 23.)

3            The Syndication Agreement is for an initial two-year term. While either party may

4    elect to prevent the Agreement's automatic renewal for successive one-year renewal periods by

5    sending advance written notice to that effect, the Agreement may be terminated during the initial

6    two-year term only in the event of a material breach. Specifically, section 8.2 of the Syndication

7    Agreement provides that:

8            This Agreement may be terminated if either party fails to cure any
             material breach of this Agreement within fourteen (14) days after
9            such material breach is conveyed in reasonable detail in writing to
             the other party.

10           The Syndication Agreement also provides for immediate termination upon written

11   notice under certain limited circumstances set forth in section 8.3 of the Agreement. (*See* Exh. 1 to

12   Merchant Decl.)

13           Hostway has performed all of its obligations under the Syndication Agreement.

14   (*See* Merchant Decl. at ¶¶16, 17 & 22.)

15           Pursuant to a letter dated July 17, 2007, defendant purported to terminate the

16   Syndication Agreement "as a result of several breaches of the agreement by Hostway and other

17   reasons as described" in the letter. (*See* Exh. 2 to Merchant Decl.) This letter was the first time

18   that defendant had claimed that Hostway had breached -- let alone materially breached -- the

19   Syndication Agreement in any respect. (*See* Merchant Decl. at ¶ 16.)

20           The first purported "breach" claimed in the July 17 letter was Hostway's supposed

21   breach of section 3.7, which requires Hostway "to integrate the Ask.com search box as the default

22   search box" for certain of Hostway's customers and "to engage in certain promotional efforts" on

23   defendant's behalf. Hostway disputes that it has failed to perform its obligation under section 3.7

24   of the Agreement, and the July 17 letter altogether fails to explain why it is that defendant believes

25   Hostway has failed to perform under the Agreement. (*See* Merchant Decl. at ¶ 17 and Exh. 2.)

26   However, even assuming that Hostway had not met its obligations under section 3.7 of the

27   Syndication Agreement (which it denies), defendant's purported termination of the Syndication

28

-2-

BARTKO ZANKEL
Reduce & Rosenzweig A Professional Law Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1   Agreement on that basis without providing Hostway at least 14 days to cure such default is

2   wrongful and in violation of the express terms of section 8.2 of the Agreement as set forth above.

3         The second purported "breach" alleged in the July 17 letter was defendant's

4   "belief" that Hostway had disclosed confidential information of defendant and of a customer of

5   defendant (and a competitor of Hostway) in an effort to convince the competitor's customers to

6   use Hostway's services. (*See* Merchant Decl. at ¶ 19 and Exh. 2 thereto.) The July 17 letter does

7   not indicate what confidential information defendant "<u>believes</u>" has been disclosed or even the

8   basis of defendant's supposed belief.   Moreover, the Syndication Agreement's confidentiality

9   provisions concern confidential information of defendant and of Hostway, <u>not</u> information relating

10  to any competitor of Hostway or any other third party.   In any event, Hostway has not disclosed

11  any confidential information of defendant or otherwise violated the confidentiality provisions of

12  the Syndication Agreement.   (*See* Merchant Decl. at ¶ 19.)   Therefore, defendant's purported

13  termination of the Agreement on this basis is also wrongful and in violation of the Syndication

14  Agreement.

15        The final purported basis for termination stated in the July 17 letter was that an

16  employee of Hostway -- who formerly had been employed by the same competitor whose

17  confidential information Hostway supposedly disclosed -- allegedly encouraged customers of his

18  former employer to switch to Hostway.   The July 17 letter states that defendant's continued

19  offering of services to Hostway under the Syndication Agreement would "disparage" defendant

20  because of the alleged conduct of the competitor's former employee. (*See* Exh. 2 to Merchant

21  Decl.)  The July 17 letter does not provide any factual support for its accusation.  Put simply, the

22  claim is nothing more than a makeweight argument and their erstwhile termination of the

23  Agreement on this basis is also wrongful.

24        Each and every one of the three stated bases for termination is factually groundless,

25  contrary to the express terms of the Syndication Agreement and pretextual.  Hostway believes the

26  defendant has sought wrongfully, and in violation of the Syndication Agreement's express terms,

27  to terminate the Syndication Agreement and to deprive Hostway of its rights thereunder, solely

28

-3-

1   because Hostway's competitor has demanded that defendant terminate its contractual relationship

2   with Hostway and has threatened to terminate its own relationship with defendant (which is far

3   more lucrative to defendant than its relationship with Hostway) if defendant fails to do so.

4   Hostway believes that for this reason alone, and not because of any purported breach of the

5   Agreement by Hostway, defendant sent the July 17 letter purporting to terminate the Syndication

6   Agreement.

7         If the Agreement is terminated, Hostway will suffer immediate and irreparable

8   damage.  More particularly, such termination would: (i) destroy Hostway's numerous customer

9   relationships that Hostway has developed related to the Syndication Agreement and the goodwill

10   associated with those relationships; (ii) ruin Hostway's reputation as a reliable, high-quality

11   provider of advertising and search services; (iii) effectively cause Hostway to be excluded from the

12   advertising and search services businesses indefinitely; and (iv) cause Hostway to lose the entirety

13   of its investment in its advertising and search services business. (*See* Merchant Decl. at ¶¶ 23-25.)

## III.     LEGAL ARGUMENT

     A.    Applicable Legal Standard -- Preliminary Injunction

16         It is well-settled that the basis for preliminary injunctive relief in the federal courts

17   is irreparable injury and the inadequacy of legal remedies. *Weinberger v. Romero-Barcelo*, 456

18   U.S. 305, 312 (1982); *Stanley v. Univ. of So. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1984).

19         In this Circuit, a plaintiff is entitled to injunctive relief if it establishes (i) "either a

20   likelihood of success on the merits and the possibility of irreparable injury or (ii) that serious

21   questions going to the merits were raised and the balance of hardship tips sharply in its favor."

22   *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d, 1510, 1517 (9th Cir. 1992); *see also Dept. of Park &*

23   *Rec. for State of Cal.*, 448 F.3d 1118, 1123 (9th Cir. 2006) [same].[1]  "These two formulations

24   represent two points in a sliding scale in which the required degree of irreparable harm increases as

25   the probability of success decreases." *Arcamuzi v. Continental Airlines, Inc.*, 819 F.2d 935, 937

---

[1]    A "serious question" means questions that involve a "fair chance [of success] on the merits." *Sierra Online, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984).

-4-

BARTKO ZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

(9th Cir. 1987), *citing Oakland Tribune Inc. v. Chronicle Publishing Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985.

These tests have been described as essentially the same and as representing the "opposite ends of the single-continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." *Rodeo Collection, Ltd. v. West Seventh*, 812 F.2d 1215, 1217 (9th Cir. 1987). Put another way, "[the] critical element in determining the test to be applied is the relative hardship to the parties. If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly." *Alaska v. Native Village of Venetie,* 856 F.2d 1384, 1389 (9th Cir. 1988).

    B.    Hostway is Likely to Succeed on the Merits Because the Purported Termination of the Syndication Agreement is Wrongful

Under the 9th Circuit's sliding scale test for preliminary injunctions, the party seeking provisional injunctive relief must, as a "irreducible minimum . . . demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." *Arcamuzi, supra*, 819 F.2d at 937. Hostway's "fair chance of success" here is easily demonstrated.

As explained above in more detail and in the accompanying Declaration of Namit Merchant, defendant's purported termination of the Syndication Agreement is wrongful and entirely pretextual. Defendant will presumably claim otherwise. Nevertheless, for purposes of this motion, Hostway has more than established a fair chance of success on the merits.

To briefly recap, defendant purported to terminate the Syndication Agreement on three bases. Individually and collectively, defendant's claims are meritless.

The first ground (Hostway's purported failure to perform its obligations under section 3.7 of the Agreement) is simply false. (*See* Merchant Decl. at ¶¶ 16, 17 & 22.) Moreover, defendant was contractually required to provide Hostway with 14 days written notice of any material breach of this provision and an opportunity to cure any such breach pursuant to section 8.2 of the Agreement. Even assuming that Hostway breached section 3.7 of the Agreement and

-5-

BARTKOZANKEL

900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1    that its breach was "material" (which it denies), it is undisputed that defendant failed to provide the

2    requisite notice and opportunity to cure.[2]

3              The second claimed basis for the termination (defendant's "belief" that Hostway

4    improperly disclosed defendant's confidential information and the confidential information of a

5    competitor) is also false.    As an initial matter, the Syndication Agreement's requirements

6    regarding the disclosure of confidential information only applies to the parties to the Agreement.

7    (See Exh. 2 to Merchant Decl. at section 9.)    In other words, even if Hostway disclosed the

8    "confidential information" of one of its competitors, it would not be a breach of the confidentiality

9    provisions in the Agreement.    Remarkably, the July 17 letter fails to set forth any factual support

10   for defendant's "belief" that Hostway disclosed any of defendant's confidential information.

11   Regardless, Hostway has not disclosed any of defendant's information.    (See Merchant Decl. at ¶

12   19.)

13             The third and final basis for the termination is equally spurious.    Defendant claims

14   that Hostway has encouraged customers of one of its competitors to "breach their agreements"

15   with the competitor and that such conduct -- which Hostway denies -- somehow disparages

16   defendant (not the competitor).    This assertion is absurd on its face.

17             As indicated in Mr. Merchant's Declaration, it is Hostway's belief that the real

18   reason defendant is attempting to terminate the Agreement is that one of its largest customers (a

19   competitor of Hostway) is pressuring it to do so.    In all events, it is clear that the purported

20   termination of the Syndication Agreement is devoid of any merit and that Hostway has far more

21   than a fair chance of prevailing on its claims against defendant.

22        C.    Hostway Will Suffer Irreparable Harm Unless the Termination of the
              Syndication Agreement is Enjoined

23             If the termination of the Syndication Agreement is not enjoined -- in particular the

24   "Advertising Services" and "Search Services" provided by defendant to Hostway pursuant to the

25   Agreement -- Hostway will suffer enormous and irreparable harm.

26

27   ---

     [2]    In fact, the July 17 letter was the first claim of any sort made by defendant that Hostway
28   had breached the Agreement in any respect.    (See Merchant Decl. at ¶ 17.)

                                              -6-

1    First and fundamentally, if the Agreement is terminated, Hostway will suffer a

2 significant and potentially ruinous loss of business. (*See* Merchant Decl. at ¶¶ 23-25.) As the

3 Supreme Court has stated, a "substantial loss of business (and perhaps even bankruptcy) absent

4 injunctive relief qualifies as irreparable injury." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932

5 (1975). Second, and similarly, the inevitable and significant damage to Hostway's goodwill if the

6 Agreement is terminated constitutes irreparable harm for purposes of supporting a preliminary

7 injunction. *See, e.g. Rent-a-Center, Inc., v. Canyon Television & Appliance*, 944 F.2d 597, 603

8 (9th Cir. 1991) (["W]e have also recognized that intangible injuries, such as damage to ongoing

9 recruitment efforts and goodwill, qualify as irreparable harm"), *citing Regents of Univ. of Cal. v.*

10 *American Broadcasting Cos.*, 747 F.2d 511, 519-20 (9th Cir. 1984) [enjoining defendant school

11 from refusing to televise the broadcast of a college football game where the plaintiff school cited

12 "the impairment of their ongoing recruitment programs; the dissipation of alumni and community

13 goodwill and support garnered over the years; placement of plaintiffs' teams at a significant

14 disadvantage for purposes of national ranking; the deprivation of the opportunity to showcase

15 rivalries of unique tradition and moment in the 'industry'; and a reduction in the attractiveness of

16 the Pac-10-Big Ten Conference 'product' which would doom the Pac-10-Big Ten's efforts to

17 compete in the market."]. Finally, if the Syndication Agreement is terminated, Hostway's

18 reputation with its customers will be irremediably damaged. Such damage to reputation has also

19 been found to support injunctive relief. *See, e.g., Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir.

20 1987).

21    D.    The Balance of Hardships Tips Firmly in Hostway's Favor

22    As indicated above, the harm to Hostway if the Agreement is terminated will be

23 immediate and catastrophic. Such damage would include (i) the destruction of Hostway's

24 numerous customer relationships that Hostway has developed related to the Syndication

25 Agreement and the goodwill associated with those relationships; (ii) the destruction of Hostway's

26 reputation as a reliable, high-quality provider of advertising and search services; the exclusion of

27 Hostway from the advertising and search services businesses indefinitely; and (iii) the elimination

28

BARTKO ZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-7-

1    of Hostway's entire investment in its advertising and search services business.  (*See* Merchant

2    Decl. at ¶¶ 23-25.)

3            In stark contrast, defendant will suffer no -- or at most little -- harm if it is

4    compelled to honor its contractual obligations during the pendency of a temporary restraining

5    order and, if appropriate as Hostway believes, a preliminary injunction.  Furthermore, any harm

6    that defendant may suffer can be adequately protected against by a bond. *See, e.g,. Ohio Oil Co. v.*

7    *Conway,* 279 U.S. 813, 815 (1929).

8            Under these circumstances, the balance of harm tips decidedly in Hostway's favor

9    and supports the issuance of the requested relief.

10   **IV.    CONCLUSION**

11           Unless enjoined, the purported termination of the Syndication Agreement will

12   inflict irreparable harm on Hostway's business.  Such damage cannot be measured or compensated

13   for by an eventual award of money damages.  Coupled with this significant threat of irreparable

14   harm is the compelling evidence that Hostway will prevail on the merits of its claims at trial and

15   the absence of any harm to defendant.  For all of the foregoing reasons and those set forth in the

16   accompanying Declaration of Namit Merchant, Hostway respectfully request that the Court enjoin

17   the termination of the Syndication Agreement.

18

19   DATED:  July 23, 2007

20                                    BARTKO, ZANKEL, TARRANT & MILLER
                                      A Professional Corporation
21

22                                    By: _____
23                                              C. Griffith Towle
                                              Attorneys for Plaintiff
24                                       HOSTWAY CORPORATION

25

26

27

28
                                        -8-

BARTKO ZANKEL
Bartko Zankel Tarrant & Miller A Professional Corporation
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152