1  Fredric A. Cohen, Esq.
   CHENG COHEN LLC
2  1101 West Fulton Market, Suite 200
   Chicago, IL 60607
3  Telephone: (312) 243-1701
   Facsimile: (312) 277-3961
4  (*Application to be Admitted Pro Hac Vice to be Filed*)

5

   Charles G. Miller (State Bar No. 39272)
6  C. Griffith Towle (State Bar No. 146401)
   BARTKO, ZANKEL, TARRANT & MILLER
7  A Professional Corporation
   900 Front Street, Suite 300
8  San Francisco, California 94111
   Telephone: (415) 956-1900
9  Facsimile: (415) 956-1152

10 Attorneys for Plaintiff
   HOSTWAY CORPORATION

11

12                         UNITED STATES DISTRICT COURT

13                        NORTHERN DISTRICT OF CALIFORNIA

14                             SAN FRANCISCO DIVISION

15 | HOSTWAY CORPORATION, an Illinois | No. C 07-3759 JCS
   | Corporation,
16 |                                   | **DECLARATION OF JOHN HAN-JOO
   |           Plaintiff,              | LEE IN SUPPORT OF PLAINTIFF
17 |                                   | HOSTWAY CORPORATION'S
   |     v.                            | MOTION FOR TEMPORARY
18 |                                   | RESTRAINING ORDER AND
   | IAC SEARCH & MEDIA, INC., a Delaware | ORDER TO SHOW CAUSE RE
19 | Corporation,                      | PRELIMINARY INJUNCTION**

20           Defendant.

21

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSTWAY CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) No. C 07-3759 JCS |
| IAC SEARCH & MEDIA, INC., | ) |
| Defendant. | ) |

### DECLARATION OF JOHN HAN-JOO LEE

1. My name is John Han-Joo Lee. I am an individual over the age of eighteen (18) years. I have personal knowledge of the matters set forth in my Declaration, and I would be ready, willing and able to testify to those matters if and when called upon to do so. I work at Hostway's headquarters in Chicago, Illinois.

2. I make this Declaration in support of Hostway Corporation's motion for temporary restraining order against IAC Search & Media, Inc. to enjoin it from terminating the March 2, 2007 Advertising Services and Search Services Syndication Agreement, and specifically in response to ¶6 of the Declaration of Andrew Moers filed yesterday in this case by IAC Search & Media, Inc.

3. I am a Director and an Executive Vice President of Hostway Corporation. I have been employed by Hostway since the company was founded in 1988. I work at Hostway's corporate headquarters in Chicago, Illinois. My duties and responsibilities as a Hostway Executive President include corporate development and providing strategic options for the company.

4.  Before joining Hostway, I was employed by the University of Chicago, where I also received my Bachelor of Arts degree.

5.  I was personally involved in the negotiation of the March 2, 2007 Advertising Services and Search Services Syndication Agreement between Hostway and IAC Search & Media, Inc. I signed the agreement on behalf of Hostway. I have been IAC's business contact at Hostway for all matters pertaining to the Syndication Agreement.

6.  On July 17, 2007, I received a letter from Daniel E Caul, IAC's General Counsel, terminating the Syndication Agreement. I immediately called my counterpart at IAC, Andrew Moers, to complain about the termination and to request that IAC not terminate Hostway's advertising feed for at least six months, to enable Hostway to find an alternative feed supplier. Moers told me that he would get back to me after discussing it with his people at IAC. Our conversations continued over the course of the next several days and culminated in a conversation on the telephone on Sunday, July 22, 2007. During that conversation, Moers offered to maintain the feed for two weeks. He said he would send me an agreement to that effect.

7.  <u>I never agreed to Moers's offer to maintain the feed for two weeks</u>. Under the agreement Hostway is entitled to the feed for an initial two year term. We have invested millions of dollars in this relationship. We could not recoup that investment (let alone meet our business goals) in the two weeks Moers offered. Moreover, it would take Hostway upwards of six months to identify an alternative source of advertising feed, negotiate a replacement arrangement, and develop and tailor the systems needed to work

with a replacement supplier. We could not do that in two weeks. For each of these reasons Moers' proposal was not realistic or acceptable and I did not accept it.

8. Later that same day I received from Daniel Caul by e-mail a proposed settlement agreement. The proposed agreement included numerous items that Moers and I had never even discussed, much less agreed on. The only topic Moers and I had discussed was how much time Hostway needed to transition to a new supplier. I wanted at least six months, Moers eventually offered two weeks, and we never reached any agreement. The document Moers included, among others, a provision by which Hostway would give IAC a general release, which Moers and I never even discussed.

9. I understand that IAC in its several filings claims to have provided Hostway with some notification – prior to the July 17 letter from Caul – that it was in breach of the Syndication Agreement. I am the person to whom any notices under the agreement are to be sent. The agreement specifies my address – at our One North State Street, 12th Floor, Chicago, Illinois 60602 location – as the place to which any notices like that are to be sent. I have never received and to my knowledge no one at Hostway has ever received any notice from IAC or anyone else claiming that Hostway breached the Syndication Agreement prior to my receiving the July 17 letter (which was sent to me at that address).

10. Finally, in ¶17 of his declaration, Moers claims that Hostway disparaged Directi and that Directi is a "third party supplier" of IAC. Directi is not a third party supplier of IAC. Directi is a customer of IAC just like Hostway, and it is a competitor of Hostway. Directi is referred to in the Syndication Agreement by its name, not as a third party supplier. For example, in Exhibit B to the agreement, right under the box in § 1,

- 3 -

there are several referenced to "Directi." Third party suppliers are Google and other independent suppliers of ads and linking mechanisms that IAC in turn feeds to its customers like Hostway and Directi.

11.  I should add that § 1 of Exhibit B to the Syndication Agreement also puts the lie to IAC's claim that, in entering into the Syndication Agreement, IAC didn't know that Hostway would compete for Directi's customers. It shows that the parties specifically anticipated and dealt with anticipated revenues from domains that previously used IAC services "via Directi."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 26, 2007.

*[signature]*

JOHN HAN-JOO LEE